**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND, INDIANA**

**KELLY A. RYAN**
4267 Park Place                                                 **CASE NO.**
Crown Point, Indiana 46307

        **Plaintiff,**

    **-vs-**

**LAKE COUNTY SHERIFF DEPARTMENT**
2293 North Main Street
Crown Point, Indiana 46307

**LAKE COUNTY BOARD OF COMMISSIONERS**
2293 North Main Street
Crown Point, Indiana 46307

**OSCAR MARTINEZ, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**SCOTT MUSGROVE, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**VINCE BALBO, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**BRIAN MARSH, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**EMILIANO PEREZ, Individually**
2293 North Main Street
Crown Point, Indiana 46307

**LESSIE SMITH, Individually**
2293 North Main Street
Crown Point, Indiana 46307

And

**VARIOUS ABC AGENCIES and**
**VARIOUS CORPORATIONS**

And

**VARIOUS JOHN DOES and JANE DOES**

        **Defendants**.

---

## VERIFIED COMPLAINT WITH JURY DEMAND ENDORSED HEREON

---

      Plaintiff, by her attorney, F. Harrison Green, of the Green Law Firm LPA, complaining of the Defendants, alleges upon information and belief as follows:

## NATURE OF THE ACTION

      1.    Plaintiff brings this action to secure protection of and redress deprivation of rights, privileges, immunities secured by the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988, providing for the protection of all persons and their civil rights and Indiana Code 22-9.1 et seq. based upon defendant Lake County Sheriff Department discriminatory treatment of plaintiff because of her sex, education, national origin and age creating a hostile work environment.

## JURISDICTION AND VENUE

      2.    This action is sought by Plaintiff who is a citizen of the State of Indiana against Defendants doing business in the State of Indiana.

      3.    This action arises under the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First

Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. and the principle of pendent jurisdiction.

4.      This action also includes state law violations of infliction of emotional distress and negligent infliction of emotional distress.

5.      This matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

6.      Venue is proper in the district pursuant to 28 USC §1391(b), because during relevant times, Defendants were presiding or had agents or transacted their illegal conduct in this district. Venue is also appropriate in this district because this is the judicial district in which the claims arose.

7.      The acts constitute a violation of federal, state and common law complained of herein have occurred and unless restrained and enjoined or otherwise redressed will continue in the Northern District of Indiana.

## **<u>PARTIES</u>**

8.      During all times mentioned in this Complaint, Plaintiff Kelly Ryan was, and is, an individual adult citizen of the United States residing at 4267 Park Place, Crown Point, Indiana. At the time of the events described herein, Defendant Lake County Sheriff Department employed Plaintiff in Lake County, Indiana.

9.      During all times mentioned in this Complaint, Defendant Lake County Sheriff Department (hereinafter referred to as "Sheriff"), is being sued in its organizational capacity as being responsible for violating the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in damages suffered by the Plaintiff. Defendant Lake County Sheriff Department has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

10.    During all times mentioned in this Complaint, Defendant Lake County Board of Commissioners (hereinafter referred to as "Commissioners"), is being sued in its organizational capacity as being responsible for violating the Civil Rights Act of 1871, 42 USC §1983, 42 USC §1981 as amended by the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in damages suffered by the Plaintiff. Defendant Lake County Sheriff Department has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

11.    During all times mentioned in this Complaint, the Defendant Oscar Martinez, Sheriff of Lake County, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff. Defendant Oscar Martinez, Sheriff of Lake County, Indiana has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

12.    During all times mentioned in this Complaint, the Defendant Scott Musgrove of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff.  Defendant Scott Musgrove has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

13.    During all times mentioned in this Complaint, the Defendant Vince Balbo of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff.  Defendant Scott Musgrove has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

14.     During all times mentioned in this Complaint, the Defendant Brian Marsh of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff.  Defendant Brian Marsh has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

15.     During all times mentioned in this Complaint, the Defendant Emiliano Perez of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff.  Defendant Emiliano Perez has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

16.     During all times mentioned in this Complaint, the Defendant Vince Balbo of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff.  Defendant Scott Musgrove has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

17.     During all times mentioned in this Complaint, the Defendant Lessee Smith of Lake County Sheriff Department, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff.  Defendant Lessee Smith has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

18.     During all times mentioned in this Complaint, the Defendant Various Agencies, Various Corporations and Various John Does and Jane Does of Lake County, Indiana is being sued in his organizational capacity as being responsible for violating the Civil Rights Act of 1981, 42 USC §1918(a), providing for injunctive relief and other relief against discrimination on the basis of gender, First Amendment to the Constitution of the United States, 42 USC §1983, providing for redress of deprivation of rights under color of law: 42 USC §1988 et seq. resulting in the injuries suffered by the Plaintiff.  Defendant Scott Musgrove has a principal place of business located at 2293 North Main Street, Crown Point, Indiana 46307.

## ADMINISTRATIVE COMPLIANCE

19     On or about September 1, 2022, Plaintiff Kelly A. Ryan filed charges of Discrimination against Oscar Martinez, Sheriff of Lake County, Indiana with the Federal Equal Employment Opportunity Commission (EEOC).  Copies of the Notices are attached hereto as Exhibit A and incorporated herein by reference.

20.     On or about November 1, 2022, Plaintiff Kelly A. Ryan received a "Notice of Suit Rights" from the EEOC.  Attached hereto as Exhibit B and incorporated herein by reference is a true and accurate copy of the Notice.

21.     On July 7, 2022. Plaintiff Kelly A. Ryan issued a Tort Claim Notice to the Lake County Sheriff Department and the Lake County Board of Commissioners in compliance with Ind. Code §34-13-3, et seq.

## STATEMENT OF FACTS AS TO PLAINTIFF KELLY A. RYAN

22.     Plaintiff Kelly Ann Ryan was hired by the Lake County Sheriff Department ("LCSD") on January 17, 2017. Ryan served as clerical and computer assistant in the area of Physical Security Department.

23     Ryan was trained to perform duties with the Hirsh Identiv Hardware and the Velocity Software beginning in November 2019, which served as prerequisite for a course on SNIB3.

24.     This training created the ability for Ryan to use the Identiv Product Line for her employment at the Lake County Sheriff Department.  Additional training was required of Ryan including Velocity Installation, Velocity Administrator, Velocity Operator and Velocity Re-Certification.

25.     During the course of Ryan's employment her workspace location was moved several times.

26.     During these moves Ryan was responsible for moving and installing computer equipment for her superiors and other employees of the Physical Security Department and the sharing of space with other departments including the Lake County Sheriff Department Civil Office.

27.     One of the moves was to the Lake County Commissioners Office, specifically Room A-119.

28.     At that time, Ryan was issued a key to Room A-119 by the Lake County Building Supervisor, which Ryan had to sign a receipt as of receiving the key.

29     Beginning during the fall of 2020 there was a communication breakdown with Ryan's supervisor Scott Musgrove to which she complained to Deputy Commander Brian Marsh.

30.     Musgrove began to complain about Ryan's performance as to her position when he suggested that she was responsible for the failure of the Garage Door not being properly scheduled.

31.     It was subsequently determined that the problem was door frames were warped.

32.     Another incident involved the doors on the third floor of the jail's medical unit at 3D and 3 SD which not locked; it was subsequently found that wires had been cut, but with no follow-up.

33.    On March 25, 2021, Musgrove complained to Ryan that he did not understand what duties she was performing in her job. Musgrove surmised that Ryan work consisted of making identification tags and watching a computer. Ryan subsequently supplied a copy of her job description to Musgrove.

34.    Communications continued to worsen with Scott Musgrove as he failed to respond to requests by Ryan that related to operations at the Sheriff Department building particularly with fire doors.

35.    Ryan had worked additional time beyond her daily hours, for which she was not compensated by time off or pay.

36.    In August 2021, Ryan was asked to handle a special project "Project Life Saver Program". Ryan prepared for training and did attend training sessions.

37.    Ryan became a certified trainer and operator for the program on behalf of the department.

38.    Ryan applied for grants for the LCSD.

39.    When Ryan advised Musgrove of receiving the grant she was ordered to his office where he cussed her and stated that he was her supervisor that she was never to go to the front office for anything.

40.    At this office meeting was overheard as Musgrove was loud and animated.

41.    Ryan was extremely distressed by his conduct that caused her to be in fear, humiliated and embarrassed in the presence of others.

42.     During late 2021 there were issues relating to the year 2022 vacation time for Ryan; she provided a schedule for her vacation time that requested time from 2021 for a week to be held over into 2022.  This was initially approved by Commander Gruska, but subsequently contested by Musgrove and a dispute ensued relating to compensation time.

43.     On March 4, 2022, Ryan was called to Brian Marsh's office that a decision had been made to transfer her to Crown Point Civil Office.

44.     During the course of the transfer, Ryan returned the key that she had been given from the County Commission building personnel back to the said personnel; she was criticized by Musgrove for not returning her key to the Sheriff Department.

45.     Subsequently Ryan was advised without prior notice that she had received a disciplinary write-up that was dated March 23, 2022.

46.     Said disciplinary report was not copied to Ryan nor did it conform to the disciplinary procedures for department employees on March 24, 2022.

47.     The disciplinary write-up purports to have been read by Ryan, but not signed.

48.     There is subsequent writing that document which indicates a refusal to sign by Ryan but includes a signature with notation on March 24, 2022.

49.     During the course of the transfer, Ryan's desk top computer was at the Physical Security Department was ultimately cleaned and updated by Andriana Martinez and Lee Harter from IT.

50.     On May 13, 2022, Ryan was instructed to meet with Doug McClusky of Internal Affairs.

51.     At that time Ryan was advised that there were two (2) disciplinary reports which included the report of the office key not being received by Officer Remius.

52.     Ryan reported to McClusky that she had followed the protocol established when she originally signed for the key through the Lake County Commissioners.

53      Ryan was accused of scrubbing or removing/deleting NCIC files; which Ryan denied doing these acts, advising that all files are in the Sheriff's Office Z Drive named "Physical Security".

54.     On May 27, 2022, Kelly Ryan was given a hand delivered letter from Sheriff Oscar Martinez which was "Notice of Dismissal" for "Abuse of IDACS Terminal/Computer #LKs00017 and "failure to comply with direct orders from supervisory personnel".

55.     Said discharge was not in compliance with departmental procedures for discipline.


**FIRST CAUSE OF ACTION**

(Title VII and §1982(a) Sex Discrimination)

56.     Plaintiff Ryan re-alleges paragraphs one through fifty-four as if fully re-written herein.

57.     Plaintiff Ryan is a female.  Plaintiff Ryan had all the necessary physical and mental capabilities to be successfully perform her position.

58.     During the relevant time periods, plaintiff did make serious efforts to perform her position as a Director Physical Security but was systematically denied her position when her superiors suggested that she had violated department procedures including destroying computer system files.

59.     Defendant Lake County's sexually discriminatory conduct was based upon the fact that Plaintiff Ryan is a female and constituted unlawful sex discrimination.

60.     Defendant Lake County did nothing to remedy the complaint of a hostile work environment by reason of the conduct exhibited towards plaintiff.

61.     Defendant Lake County's sexual discrimination has deprived Plaintiff Ryan of equal employment opportunities in violation of 42 U.S.C. §2000e-2, §2000e-5 and U.S.C. §1981(a).

62     At all times material herein, Defendant Lake County has acted with malice toward plaintiff and with reckless indifference to plaintiff's rights.

63.     As a proximate result of Defendant Lake County's sexual discrimination, Plaintiff Ryan has been and is now being deprived of income in the form of wages and other fringe benefits, including pension rights, for which defendants are liable, in an amount to be proven at trial.

64.     As a further and proximate result of Defendant Lake County's sexual discrimination, Plaintiff Ryan has suffered emotional distress, humiliation, embarrassment, and mental anguish, for which defendants are liable.

## SECOND CAUSE OF ACTION
### (Retaliation)

65.     Plaintiff hereby incorporate by reference all of the allegations and averments set forth in said Complaint as if fully rewritten herein.

66.     The conduct of Defendants Lake County and Martinez, Musgrove, Balbo, Marsh, Perez, Smith and others in the discouragement and termination of Plaintiff from her position as Director of Physical Security was in retaliation for Plaintiff's prior complaints concerning misrepresentations of the work performance and safety procedures within the department which had been successful and part of the course of practice and custom of the department. Said retaliation by Defendants was done for the purpose of causing damage to Plaintiff through the loss of her position and damages to her property and persons.

## THIRD CAUSE OF ACTION
### (Slander)

67.     Plaintiff re-alleges the allegations contained in paragraphs one through sixty-five as is fully re-written herein.

68.     Since March 2022 and subsequently thereafter Defendant's management personnel in the presence and hearing of third persons spoke words calling Plaintiff's failure to perform her

work timely, poor performance, being responsible for failing to follow policies established by Defendants.

69.     Said words spoken by the Defendants concerning Plaintiff were false and defamatory, have brought Plaintiff into ridicule and have injuriously affected her business and in her person.

70.     Said words were spoken with malice and were intended to injure Plaintiff.

71.     As a result of said slander, Plaintiff has suffered great mental anguish and suffered injury in her personal reputation and her business reputation.

## FOURTH CAUSE OF ACTION

### (Slander per quod)

72.     Plaintiff restates the allegations contained in paragraphs one through seventy as if fully written herein.

73.     Since March 2022 and subsequently thereafter Defendant's representatives in the presence and hearing of third persons spoke words calling Plaintiff's failure to perform her work timely, poor performance, being responsible for failing to follow policies established by Defendants.

74     Said words spoken by the Defendants concerning Plaintiff were false and defamatory, has brought Plaintiff into ridicule and has injuriously affected her business.

75.     Said words were spoken with malice and were intended to injure Plaintiff.

76.     As a result of said slander, Plaintiff has suffered great mental anguish and has suffered injury in her personal reputation and her business reputation.

## FIFTH CAUSE OF ACTION

(Negligent infliction of emotional distress)

77.    Plaintiff reasserts the allegations in paragraph one through seventy-five as if fully rewritten herein.

78.    The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

79.    During March 2022 and subsequently, Defendants, acting under their authority, made the above statements recklessly about Plaintiff.

80.    The Defendants engaged in the conduct described above recklessly or with the intent of causing the Plaintiff severe emotional distress.

81.    The conduct of the Defendants was extreme and outrageous.

82.    The Plaintiff incurred severe emotional distress as a result of the Defendant's conduct.

## SIXTH CAUSE OF ACTION

(Intentional infliction of emotional distress)

83.    Plaintiff reasserts the allegations in paragraph one through eighty-one as if fully rewritten herein.

84.    The acts of Defendant Lake County were extreme and outrageous, and Defendants acted recklessly or with the intent of causing the Plaintiff severe emotional distress.

85.    The Plaintiff incurred severe emotional distress as a result of Defendants' conduct.

13

86.    The Defendants are liable for the acts of its employees under the doctrine of respondeat superior.

## SEVENTH CAUSE OF ACTION
### (Libel)

87.    Plaintiff reasserts the allegations in paragraph one through eighty-five as if fully rewritten herein.

88.    Defendant's management were and are the sole authors and generally have a proprietary interest in the writings above, which are used within Defendant's organizational structures to deny Plaintiff continuing employment and unemployment compensation.

89.    On or about May 2022, Defendants published the above-described statements. Said published statements of Plaintiff's failure to perform her work timely, poor performance, not being a team player and failing to follow policies established by Defendants.

90.    Said published statements are false and defamatory, were published with malice, and were intended to injure Plaintiff's reputation and property.

91.    As a direct and proximate result of said libelous publication, Plaintiff has suffered great mental anguish and has suffered injury to her personal reputation and in her property.

92.    Further, as a result of said libelous publication; prospective employers did not employ Plaintiff.

93.    Since the date of said publication, Plaintiff has been unable to obtain adequate employment elsewhere and has otherwise been injured.

## EIGHTH CAUSE OF ACTION
### (Wrongful Discharge)

94.    Paragraphs one through ninety-two are incorporated herein as if restated fully and in their entirety.

95.    Under certain situations, discharging an employee under false pretense is in violation of public policy in the State of Indiana.

96.    Dismissing an employee in a similar situation as the Plaintiff would jeopardize public policy.

97.    The termination of Plaintiff's employment was a result of Defendant not wanting to employ an individual who would be provided a salary as promised.

98.    The Defendant lacked legitimate reasons for discharging Plaintiff's employment, the Plaintiff was able to perform all elements of her position that are peculiar to her position.

99.    Plaintiff hereby realleges each allegation contained in paragraphs one through ninety-seven as if fully rewritten herein.

## NINTH CAUSE OF ACTION

(Violation of First Amendment)

100.    By developing and implementing unlawful employment policies and practices designed to detour Plaintiff Ryan from further speaking and complaining about her working conditions to the public and in public forums, Defendant violated and continues to violate Plaintiff's First Amendment rights.

101    .By reason of the foregoing, Plaintiff has suffered loss and damage in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

(Age Discrimination - Violation of State and Federal Acts)

102.    Plaintiff re-alleges the allegations contained in paragraphs one through one hundred of this Complaint as if re-written herein.

103.    Plaintiff Ryan is fifty-three years old and worked with Defendant Lake County for five years as Director of Physical Security. Plaintiff Ryan was discharged from her position and replaced by an employee believed to be less than forty years old.

104.    Defendants through their acts intended to discharge Plaintiff Ryan to replace her with a younger employee.

WHEREFORE, Plaintiff hereby respectfully demands the following relief:

a) An award, jointly and severally in excess of the trial court's minimum jurisdictional amount for each and every cause of action, against each of the Defendants, of the Plaintiffs' damages on the First, Second, Third, Fourth, Fifth, Sixth, Seven, Eighth. Ninth and Tenth causes of action herein, along with interest and costs thereon.

b) An award, jointly and severally, against defendants of punitive and exemplary damages of $500,000.

c) Such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

THE GREEN LAW FIRM L.P.A.

/s/ *F. Harrison Green*
F. Harrison Green, Trial Attorney for
Plaintiff Kelly A. Ryan
Indiana Supreme Court Reg. 22154-18
4015 Executive Park Drive, Suite 230
Cincinnati, Ohio 45241
(513) 769-0840
FAX (513) 563-2953
fhgreen@thegreenlawfirm.org

## JURY DEMAND

It is hereby demanded by Plaintiff Kelly Ryan that this matter be tried before a jury of her peers.


_/s/ F. Harrison Green_____
F. Harrison Green, Trial Attorney for
Plaintiff Kelly A. Ryan

**EXHIBIT**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ EEOC<br>☐ FEPA | 470-2022-02334 |

| Indiana Civil Rights Commission | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Ms. KELLY A. RYAN | 219-669-9819 | 1969 |

Street Address

4267 PARK PLACE

CROWN POINT, IN 46307

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| Lake County Sheriff Department | 501+ Employees | |

Street Address

2293 N MAIN ST

CROWN POINT, IN 46307

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address | City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|---|
| | Earliest | Latest |
| Age, Retaliation | 01/17/2017 | 05/27/2022 |
| | Continuing Action | |

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I am a 53-year-old Female who worked for the company from on or about January 17, 2017 until I was terminated on May 27, 2022. My Job Title was Director of Physical Security. My immediate supervisor was Scott Musgrove (age 45).During my employment, I was egregiously, pervasively and severely harassed because of my age by Musgrove. I reported the harassment to the following individuals, but no action was taken: Brian Marsh, Deputy Commander (Musgroves supervisor); Ernesto Mojica (age 45), Human Resources of Sheriffs Department; Emiliano Perez (age 45), Chief of Staff; Eddie Jenkins (age 45), Assistant Chief; John Gruska (age 55), Commander; Joe Travis (age 43), Human Resources Director of Lake County; Matthew Fech (age 43), City Attorney; and Douglas McClusky (age 53), Internal Investigations. Throughout my employment, I was denied equal terms and conditions by Musgrove, specifically, I was constantly overlooked during challenging security work, was left out of important security meetings, and was isolated when my position was needed. On March 5, 2022, I was wrongfully demoted by Musgrove and Brian Marsh, Deputy Commander. The reason I was given for being demoted by Musgrove was the Sheriff needed to put Detective Laurie Riley (age 38) in my position because she was pregnant and needed a desk job. Hailey Marsh (age 38) was also hired to work with Riley even though neither of them were qualified or trained for the position. On May 27, 2022, I was wrongfully terminated by Police Chief Vince Balbo; Emiliano Perez, Chief of

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>**Digitally Signed By: Ms. KELLY A. RYAN**<br><br>09/01/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC    FEPA | **470-2022-02334** |

| **Indiana Civil Rights Commission** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Staff; and Lessie Smith, Commander of Civil in retaliation for engaging in protected activity. The reason I was given for being terminated was abuse of IDACS Terminal computer LKSO0017 and failure to comply with direct orders form supervisory personnel. I believe I have been discriminated against due to my age (53) in violation of the Age Discrimination in Employment Act and or in retaliation for engaging in protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| **Digitally Signed By: Ms. KELLY A. RYAN** | SIGNATURE OF COMPLAINANT |
| **09/01/2022** | |
| *Charging Party Signature* | SUBSCRIBED    AND    SWORN    TO    BEFORE    ME    THIS    DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**EXHIBIT**

$\underline{13}$

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Ms. Kelly A. Ryan<br>4267 Park Place<br>Crown Point, IN 46307 | From: Indianapolis District Office<br>101 West Ohio Street, Suite 1900<br>Indianapolis, IN 46204 |
|---|---|

| EEOC Charge No.<br>**470-2022-02334** | EEOC Representative<br>**Frederick BruBaker,**<br>**Enforcement Supervisor** | Telephone No.<br>**4639991148** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

*Age Discrimination in Employment Act (ADEA): You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS \*of your receipt of this Notice.\* Otherwise, your right to sue based on the above-numbered charge will be lost.*

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Digitally Signed By: Michelle Eisele
11/01/2022
**Michelle Eisele**
**District Director**

Enclosures(s)

cc: **Lake County Sheriff Department**
c/o Nicholas A. Snow
**Harris Law Firm**
11410 Broadway
Crown Point, IN 46307

F. Harrison Green
The Green Law Firm
4015 Executive Park Drive, Suite 230
Cincinnati, Ohio 45241

Enclosure with EEOC
Form 161-B (01/2022)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

## **VERIFICATION**

STATE OF OHIO                            }
                                         } ss:
COUNTY OF HAMILTON             }

I, KELLY A. RYAN that I am authorized in the premises, have read the

foregoing Complaint and I believe the allegations to be true to the best of my

knowledge and belief.

_____
KELLY A. RYAN

Sworn to before me and subscribed in my presence this 29th day of

November, 2022.



F. HARRISON GREEN, Atty. at Law
Notary Public, State of Ohio
My Comm. has no expiration
Section 147.03

_____
Notary Public